

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| HILDA L. SOLIS, Secretary of Labor,<br>United States Department of Labor,<br><br>    Plaintiff,<br><br>    v.<br><br>SCOTT WALLIS, RONALD ERIKSEN,<br>U.S.A. BABY, INC.,<br>U.S.A. BABY, INC. 401(k) PLAN, and<br>U.S.A. BABY, INC. HEALTH PLAN,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)   No. 11 C 3019<br>)<br>)   Judge Ruben Castillo<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM OPINION AND ORDER

Hilda L. Solis, the Secretary of Labor for the United States Department of Labor ("Secretary") brings this action against U.S.A. Baby, Inc. ("USA Baby"), Scott Wallis ("Wallis"), Ronald Eriksen ("Eriksen"), the U.S.A. Baby, Inc. 401(k) Plan (the "401(k) Plan") and the U.S.A. Baby, Inc. Health Plan (the "Health Plan") (collectively, "Defendants"), alleging that Defendants violated provisions of Title I of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.* (R. 1, Compl. ¶ 1.) The Secretary brings this action pursuant to (1) ERISA Section 502(a)(2), 29 U.S.C. § 1132(a)(2), for appropriate equitable relief for breaches of fiduciary duty under ERISA Section 409, 29 U.S.C. § 1109; and (2) ERISA Section 502(a)(5), 29 U.S.C. § 1132(a)(5), to enjoin acts and practices that violate provisions of Title I of ERISA and to obtain further equitable relief to redress such violations and enforce the provisions of Title I of ERISA. (*Id.*) Presently before the Court is the Secretary's Rule 59(e) motion to reconsider the Court's sua sponte dismissal of Eriksen. (R. 34, Pl.'s Mot. Recons.)

1

Also before the Court is Wallis and Eriksen's ("Moving Defendants") *pro se* motion to dismiss the Secretary's action pursuant to Federal Rules of Civil Procedure 12(b)(1), (3), (6), and (7). (R. 40, Mot. Dismiss.) For the reasons stated below, the motion to reconsider is granted and the motion to dismiss is denied.

## BACKGROUND

The Secretary commenced this ERISA action against Defendants after the Employee Benefits Security Administration ("EBSA") of the United States Department of Labor ("DOL") initiated an investigation into the 401(k) Plan. (R. 35, Pl.'s Mem. at 1-2.) The Secretary alleges that between April 7, 2006, and November 28, 2008 (the "relevant time period")[1], Wallis served as partial owner and president of USA Baby (R. 1, Compl. ¶ 8), a company "formed in 2003 to franchise stores that sell furniture and other products for children." *In re USA Baby, Inc.*, 674 F.3d 882, 883 (7th Cir. 2012). According to the Secretary, both USA Baby and Wallis exercised authority and control over the assets of the 401(k) Plan and the Health Plan (the "Plans"), and were fiduciaries and parties in interest to the Plans. (R. 1, Compl. ¶ 8.) The Secretary further alleges that during the relevant time period, Eriksen served as a majority owner and chief executive officer of USA Baby. (*Id.* ¶ 9.) He allegedly exercised authority and control over the 401(k) Plan assets, and was both a fiduciary and party in interest to the 401(k) Plan. (*Id.*)

The Secretary alleges that Wallis, Eriksen, and USA Baby engaged in misconduct including failing to ensure that 401(k) Plan contributions were remitted to the 401(k) Plan, failing to pay Health Plan participants' contributions for their respective premiums to the Health

---

[1] Although the Secretary does not define the "relevant time period" in her complaint, the facts as alleged cover the period from April 7, 2006, through November 28, 2008. (R. 1, Compl.) Accordingly, the Court considers this to be the "relevant time period."

Plan's two insurance providers, which resulted in both providers canceling coverage, retaining these amounts in USA Baby's general operating account and using the funds to pay for USA Baby's general expenses. (*Id.* ¶¶ 10-31.)

On September 5, 2008, three USA Baby creditors filed an involuntary bankruptcy petition against USA Baby under Chapter 11 of the Bankruptcy Code. Involuntary Petition, *In re USA Baby, Inc.*, No. 08-23564 (Bankr. N.D. Ill. Sept. 5, 2008). The Bankruptcy Court appointed Barry Chatz ("Chatz") as trustee of USA Baby assets during the bankruptcy proceedings on February 11, 2009. Trustee Letter of Appointment, *In re USA Baby, Inc.*, No. 08-23564 (Bankr. N.D. Ill. Sept. 5, 2008). Wallis has since contested the appointment of Chatz as the trustee and challenged decisions made by Chatz on behalf of USA Baby in multiple court proceedings. *See, e.g., In re USA Baby, Inc.*, 674 F.3d at 884; *In re USA Baby, Inc.*, 424 Fed. Appx. 558, 561 (7th Cir. 2011).

## PROCEDURAL HISTORY

On May 6, 2011, the Secretary filed a six-count complaint against Defendants. (R. 1, Compl.) In Count I the Secretary alleges that between February 22, 2008, and September 19, 2008, Wallis, Eriksen, and USA Baby each failed to remit participant contributions to the 401(k) Plan. (*Id.* ¶ 11.) Instead, the contributions were retained in USA Baby's operating account and used to pay USA Baby's general operating expenses in violation of ERISA Sections 403(a) and (c)(1), 29 U.S.C. §§ 1103(a) and (c)(1), Section 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A), and Sections 406(a)(1)(D) and (b)(1)-(2), 29 U.S.C. §§ 1106(a)(1)(D) and (b)(1)-(2). (*Id.* ¶¶ 12-13.) In Count II, the Secretary alleges that between April 7, 2006, and September 19, 2008, Wallis, Eriksen, and USA Baby also failed to remit employee contributions to the 401(k) Plan in a timely

manner in violation of the same ERISA provisions identified in Count I. (*Id.* ¶¶ 15-16.) In Count III, the Secretary alleges that between January 18, 2008, and November 28, 2008, Wallis, Eriksen, and USA Baby failed to remit participant loan repayments to the 401(k) Plan. (*Id.* ¶ 18.) According to the Secretary, the participant loan repayments were retained in USA Baby's operating account and used to pay USA Baby's general operating expenses in violation of the same ERISA provisions identified in Count I. (*Id.* ¶¶ 19-20.) In Count IV, the Secretary avers that between April 13, 2007, and November 28, 2008, Wallis, Eriksen, and USA Baby failed to remit participant loan repayments to the 401(k) Plan in a timely manner, again in violation of the earlier-identified ERISA provisions. (*Id.* ¶¶ 22-23.)

In Count V, the Secretary alleges that between May 2, 2008, and November 28, 2008, USA Baby failed to transfer Health Plan participants' contributions that were intended to pay insurance premiums to the appropriate insurance providers, and instead retained these contributions in its own general assets. (*Id.* ¶¶ 25-29.) Wallis then used the Health Plan participants' contributions to pay for USA Baby's business expenses. (*Id.* ¶ 30.) According to the Secretary, USA Baby and Wallis' actions violated ERISA Section 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A), and Sections 406(a)(1)(D) and (b)(1)-(2), 29 U.S.C. §§ 1106(a)(1)(D) and (b)(1)-(2). (*Id.* ¶ 31.) Finally, in Count VI, the Secretary avers that Wallis, Eriksen, and USA Baby failed to ensure that all 401(k) Plan fiduciaries were bonded against losses to the 401(k) Plan resulting from fraudulent or dishonest acts, in violation of ERISA Section 412, 29 U.S.C. § 1112. (*Id.* ¶ 33.)

On July 14, 2011, the Court entered default judgments against USA Baby and the Plans for failure to timely appear, answer, or otherwise plead after each failed to respond to the

complaint or appear in Court. (R. 14, Min Entry.) On August 23, 2011, Eriksen notified the Court that he had filed for bankruptcy protection. (R. 31, Not. Bankr. Filing.) Upon receiving Eriksen's notice, the Court dismissed Eriksen "without prejudice and with leave to reinstate once the automatic bankruptcy stay is lifted." (R. 32, Min. Entry.) On September 2, 2011, the Secretary moved for reconsideration of Eriksen's dismissal. (R. 34, Pl.'s Mot. Recons.) According to the Secretary, this ERISA action is exempted from the automatic stay provisions of the Bankruptcy Code pursuant to 11 U.S.C. § 362(b)(4) because the Secretary brings the action pursuant to her police and regulatory power. (R. 35, Pl.'s Mem. at 3.) Eriksen failed to file a response to the motion to reconsider.

On September 13, 2011, Wallis filed a motion to dismiss and Eriksen subsequently joined Wallis' motion. (R. 40, Mot. Dismiss; R. 44, Not. Joinder.) In their motion, the Moving Defendants argue that the Secretary's complaint should be dismissed for lack of subject-matter jurisdiction, improper venue, failure to state a claim, and failure to join a required party. (R. 40, Mot. Dismiss at 1.) The Moving Defendants also appear to argue that the Secretary's action should be stayed because of the pending USA Baby bankruptcy proceedings and a pending appeal concerning Wallis' objection to the appointment of Chatz as the USA Baby bankruptcy trustee. (*Id.* at 3-9). On October 18, 2011, the Secretary responded to the Moving Defendants' motion. (R. 42, Pl.'s Resp.) On October 28, 2011, the Moving Defendants filed a reply in support of their motion to dismiss. (R. 46, Defs.' Reply at 2-3.) Thereafter, the Secretary sought to strike the Moving Defendants' reply, or in the alternative, to file a sur-reply. (R. 47, Pl.'s Mot. Strike.) The Court granted the Secretary the alternative relief requested, (R. 49, Min. Entry), and on November 28, 2011, the Secretary filed a sur-reply addressing the Moving Defendants' new

arguments. (R. 50, Pl.'s Sur-Reply.)

On June 18, 2012, the Bankruptcy Court found Eriksen's debt to the 401(k) Plan, "incurred during the period from April 7, 2006 through September 19, 2008 and consisting of $7,987.46 in unremitted contributions was lost opportunity costs" to be non-dischargeable. (R. 52, Pl.'s Not.); Order, *In re Eriksen*, No. 11-28958 (Bankr. N.D. Ill. June 19, 2012).

## LEGAL STANDARDS

The Secretary asks the Court to reconsider its prior dismissal of Eriksen. (R. 34, Pl.'s Mot. Recons. at 1.) A motion to reconsider, or to be precise, a motion to alter or amend a judgment pursuant to Rule 59(e) "is permissible when there is newly discovered evidence or there has been a manifest error of law or fact." *Harrington v. City of Chi.*, 433 F.3d 542, 546 (7th Cir. 2006). To succeed on a Rule 59(e) motion, "the movant must 'clearly establish' one of the aforementioned grounds for relief." (*Id.*) (quoting *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 n.3 (7th Cir. 2001)). When the basis for relief is a manifest error of law, the movant must bring to the court's attention the "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir.2000). Whether to grant a Rule 59(e) motion is "entrusted to the sound judgment of the district court." *In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996) (citation omitted).

The Moving Defendants ask the Court to dismiss the Secretary's action on the basis of Rules 12(b)(1), (3), (6), and (7). In moving to dismiss pursuant to Rule 12(b)(1), a defendant may opt for a facial or factual attack to jurisdiction. *Villasenor v. Indus. Wire & Cable, Inc.*, 929 F. Supp. 310, 312 (N.D. Ill. 1996). A facial attack challenges the sufficiency of the complaint's allegations, whereas a factual attack challenges the factual basis for subject-matter jurisdiction.

*United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994); *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443-44 (7th Cir. 2009) (noting that facial challenges only require a court to determine if the plaintiff has sufficiently alleged a basis of subject-matter jurisdiction whereas "a factual challenge lies where 'the complaint is formally sufficient but the contention is that there is in fact no subject matter jurisdiction.'") (quoting *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003)). When reviewing a motion presenting a facial attack to subject-matter jurisdiction, "the court does not look beyond the allegations in the complaint," takes the allegations in the complaint as true, and draws all reasonable inferences in the complainant's favor. *Apex Digital, Inc.*, 572 F.3d at 444; *Villasenor*, 929 F. Supp. at 312 (citing *Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995)). An action may be dismissed on a facial challenge "where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous." *Bell v. Hood*, 327 U.S. 678, 682-83 (1946). On the other hand, when reviewing a motion presenting a factual attack to jurisdiction, "the allegations in the complaint are not controlling, . . . and only uncontroverted factual allegations are accepted as true for purposes of the motion." *Cedars-Sinai Med. Ctr. v. Watkins*, 11 F.3d 1573, 1583 (Fed. Cir. 1993). In the context of factual challenges, a court "'may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists.'" *Apex Digital, Inc.*, 572 F.3d at 444 (quoting *Evers v. Astrue*, 536 F.3d 651, 656-57 (7th Cir. 2008)).

Rule 12(b)(3) provides that a party may move to dismiss an action when it is not filed in the proper venue. Fed. R. Civ. P. 12(b)(3). The plaintiff bears the burden of establishing that

7

venue is proper. *Int'l Travelers Cheque Co. v. BankAmerica Corp.*, 660 F.2d 215, 222 (7th Cir. 1981) (citing *Grantham v. Challenge-Cook Bros., Inc.*, 420 F.2d 1182, 1184 (7th Cir. 1970)). When ruling upon a Rule 12(b)(3) motion to dismiss for improper venue, the Court takes all the allegations in the complaint as true, unless contradicted by an affidavit. *Nagel v. ADM Investor Servs., Inc.*, 995 F. Supp. 837, 843 (N.D. Ill. 1998). Furthermore, the Court must resolve all factual disputes and draw all reasonable inferences in the plaintiff's favor. *Id.* Where venue is improper, the Court "shall dismiss [the case], or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

A motion under Rule 12(b)(6) "challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). To survive a motion to dismiss for failure to state a claim, the complaint must overcome "two easy-to-clear hurdles": (1) "the complaint must describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds on which it rests"; and (2) "its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level[.]'" *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008) (quoting *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)). "Plausibility" in this context does not imply that a court "should decide whose version to believe, or which version is more likely than not." *Swanson v. Citibank, N.A.*, 514 F.3d 400, 404 (7th Cir. 2010). Rather, to survive a motion to dismiss under Rule 12(b)(6), the "plaintiff must give enough details about the subject matter of the case to present a story that holds together." *Id.* In other words, "the court will ask itself *could* these things have happened, not *did* they happen." *Id.*

Finally, a Rule 12(b)(7) motion to dismiss asks the Court to dismiss a complaint for failure to join all required parties under Rule 19. Fed. R. Civ. P. 12(b)(7). The purpose of Rule 19 is "'to permit joinder of all materially interested parties to a single lawsuit so as to protect interested parties and avoid waste of judicial resources.'" *Askew v. Sheriff of Cook Cnty., Ill.*, 568 F.3d 632, 634 (7th Cir. 2009) (quoting *Moore v. Ashland Oil, Inc.*, 901 F.2d 1445, 1447 (7th Cir. 1990)). To evaluate a Rule 12(b)(7) motion, the Court engages in a two-step inquiry. *Thomas v. United States*, 189 F.3d 662, 667 (7th Cir. 1999). First, the Court must determine whether a party is a "required party" under Rule 19(a). Fed. R. Civ. P. 19(a)(1); *Sheriff of Cook Cnty., Ill.*, 568 F.3d at 635. Rule 19(a) provides that an absent party must be joined if joinder is feasible and (1) the court cannot accord complete relief among the existing parties in that party's absence; (2) the absent party's ability to protect an interest relating to the subject of the action will be impaired; or (3) the absent party has an interest relating to the subject of the action and an existing party to the suit would be subject to a substantial risk of multiple or inconsistent obligations if the absent party is not joined. Fed. R. Civ. P. 19(a)(1)(A)-(B). For absentee parties that meet this criteria, the court then turns to Rule 19(a)(2), which provides that "[i]f a person has not been joined as required, the court must order that the person be made a party." Fed. R. Civ. P. 19(a)(2).

Second, where joinder is not feasible, dismissal is not automatic. *Sheriff of Cook Cnty., Ill.*, 568 F.3d at 635. Instead, the court looks towards Rule 19(b), which requires the court to "determine whether, in equity and good conscience, the action must proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b). Joinder is not feasible where the absent party's presence would deprive the court of subject-matter jurisdiction, where the absent party is

beyond the personal jurisdiction of the court, or where the absent party has and makes a valid objection to venue. *Sheriff of Cook Cnty., Ill.*, 568 F.3d at 635. Rule 19(b) lists a number of factors the court should consider in making that determination, "with an emphasis on practical measures that will allow either the entire suit or part of it to go forward." *Id.* If the court finds that "there is no way to structure a judgment in the absence of the party that will protect both the party's own rights and the rights of the existing litigants, the unavailable party is regarded as 'indispensable' and the action is subject to dismissal upon proper motion under [Rule] 12(b)(7)." *Thomas*, 189 U.S. F.3d at 667. The moving party bears the burden of showing a failure to join a required party. *See, e.g., Grubb & Ellis Co. v. Huntington Hoffman, LLC*, No. 10-cv-5068, 2010 WL 4962846, at *2 (N.D. Ill. Dec. 1, 2010).

## ANALYSIS

### I. Motion to Reconsider

In her motion to reconsider the Court's sua sponte dismissal of Eriksen from the action, the Secretary argues that her action against Eriksen is excepted from the automatic stay provisions of the Bankruptcy Code pursuant to Section 362(b)(4), as her action constitutes an exercise of the government's police and regulatory power. (R. 34, Pl.'s Mot. Recons. at 1.)

Generally, the filing of a bankruptcy petition results in an automatic stay on the commencement or continuation of all judicial actions or proceedings against the debtor. 11 U.S.C. § 362(a)(1). The automatic stay "functions as one of the fundamental protections afforded to debtors by the bankruptcy laws, as it preserves what remains of the debtor's insolvent estate and [provides] a systematic equitable liquidation procedure for all creditors . . . thereby preventing a chaotic and uncontrolled scramble for the debtor's assets in a variety of

10

uncoordinated proceedings in different courts[.]" *In re Grede Foundries, Inc. v. Grede Foundries, Inc.*, 651 F.3d 786, 790 (7th Cir. 2011) (citations and quotation marks omitted). Certain actions are exempt from the automatic stay. One such judicial proceeding excepted from the automatic stay is "the commencement or continuation of an action . . . by a governmental unit . . . to enforce such governmental unit's police and regulatory power, including the enforcement of a judgment other than a money judgment[.]" 11 U.S.C. § 362(b)(4). The purpose of the exception under Section 362(b)(4) is to prevent a debtor from "frustrating 'necessary governmental functions by seeking refuge in bankruptcy court.'" *City of New York v. Exxon Corp.*, 932 F.2d 1020, 1024 (2d Cir. 1991) (quoting *United States v. Seitles*, 106 B.R. 36, 38-40 (S.D.N.Y. 1989), *vacated on other grounds*, 742 F. Supp. 1275 (S.D.N.Y. 1990)); *see also Dole v. Hansbrough*, 113 B.R. 96, 97 (Bankr. D.D.C. 1990) (quoting *United States v. Standard Metals Corp.*, 49 B.R. 623, 625 (D.Colo. 1985)).

Courts commonly use two tests to determine whether a governmental action falls within the Section 362(b)(4) exception to the automatic stay: (1) the "pecuniary purpose" test; and (2) the "public policy" test. *Solis v. Caro*, No. 11 C 6884, 2012 WL 1230824, at *3-*5 (N.D. Ill. Apr. 12, 2012); *In re Emerald Casino, Inc.*, No. 03-CV-05457, 02 B 22977, 03 A 01929, 2003 WL 23147946, at *8 (N.D. Ill. Dec. 24, 2003); *Chao v. BDK Indus., L.L.C.*, 296 B.R. 165, 167 (C.D. Ill. 2003).[2] Under the pecuniary purpose test, "courts focus on whether the governmental proceeding relates primarily to the protection of the government's pecuniary interest in the

---

[2] Although the Seventh Circuit has not adopted either of these tests, district courts within the Seventh Circuit have applied both tests in determining whether a governmental action is excepted from the automatic stay. *See Caro*, 2012 WL 1230824, at *3-*5; *In re Emerald Casino, Inc.*, 2003 WL 23147946, at *5-*9; *BDK Indus., L.L.C.*, 296 B.R. at 167-170.

debtor's property, and not to matters of public safety [or public policy]." *BDK Indus., L.L.C.*, 296 B.R. at 167 (quoting *Chao v. Hosp. Staffing Servs., Inc.*, 270 F.3d 374, 385 (6th Cir. 2001)). Matters primarily related to public safety are excepted from the automatic stay. *Id.* "Under the public policy test, courts must distinguish between proceedings that adjudicate private rights and those that effectuate public policy." *Id.* at 168 (quoting *Hosp. Staffing Servs., Inc.*, 270 F.3d at 385-86). Matters that effectuate public policy are excepted from the automatic stay. *Id.*

The Secretary asserts that in pursuing this ERISA action against Eriksen, she "has no pecuniary interests in [his] bankruptcy estate[,]" (R. 35, Pl.'s Mem. at 6), and that her primary interest in pursuing the action is the "enforcement of the Congressional policy of safeguarding the benefits promised to participants and beneficiaries of employee benefit plans." (*Id.* at 7.) Therefore, she contends, her ERISA action against Eriksen falls "within the police and regulatory exception to the automatic stay." (*Id.* at 8.)

## A. Whether the Secretary's action satisfies the pecuniary purpose test

"[C]ourts applying the pecuniary purpose test must look to what specific acts the government wishes to carry out and determine if such execution would result in an economic advantage over third parties in relation to the debtor's estate." *Caro*, 2012 WL 1230824, at *5 (internal quotation marks omitted) (quoting *In re Emerald Casino, Inc.*, 2003 WL 23147946, at *8). Generally, where "the focus of the police or regulatory power is directed at the debtor's financial obligations rather than the State's health and safety concerns, [Bankruptcy] Code Section 362(b)(4) is inapplicable." *In re Sampson*, 17 B.R. 528, 530 (Bankr. D. Conn. 1982); *see also Metzler v. Bennett*, No. 97-CV-0148, 1998 WL 187454, at *4 (N.D. N.Y. 1998) ("Where the agency's sole concern in a given proceeding is to protect the government's pecuniary interests,

12

the action remains subject to an automatic stay under Section 362(a).").

Here, the Secretary does not claim to have any pecuniary interests in Eriksen's bankruptcy estate. Rather, she seeks injunctive relief against Eriksen to enjoin him from committing future ERISA violations, and asks the Court to order Eriksen to "make good to the 401(k) Plan any losses . . . resulting from the fiduciary breaches[,]" and to "correct the prohibited transactions in which [he] engaged relating to the 401(k) Plan[.]" (R. 1, Compl. at 10.) The Secretary also requests that the Court appoint an independent fiduciary to terminate the 401(k) Plan and distribute its assets, and that the Court order Eriksen to share in the payment of "all reasonable fees and expenses incurred by the independent fiduciary in administering and terminating the 401(k) Plan[.]" (*Id.* at 11.) By requesting such relief, the Secretary is not trying to seize Eriksen's property to satisfy a money judgment and therefore her request does not run afoul of the Section 362(b)(4) exception, pursuant to which the Government may not enforce a money judgment. *See N.L.R.B. v. P\*I\*E\* Nationwide, Inc.*, 923 F.2d 506, 512 (7th Cir. 1990) (concluding that National Labor Relations Board's attempt to reduce a claim to judgment did not run afoul of the governmental unit exception to the automatic stay); *In re Halo Wireless, Inc.*, 684 F.3d 581, 587 (5th Cir. 2012) (noting that while the governmental unit exception does not allow enforcement of a money judgment against the debtor, a money judgment may nonetheless be entered); *Caro*, 2012 WL 1230824, at \*5 ("The Secretary's request for injunctive relief and a determination of restitution amounts that [the debtor] owes as a result of alleged violations of ERISA is consistent with the [Section 362(b)(4) exception.]"); *In re Lenz Oil Serv., Inc.*, 65 B.R. 292, 295 (Bankr. N.D. Ill. 1986) ("Congress allows governmental units to get money judgments in pursuit of their police power, but forces them to wait in line like all other creditors to get the

13

judgment enforced.") (quoting *Illinois v. Elec. Utils.*, 41 B.R. 874, 877 (N.D. Ill. 1984)). Indeed, the Secretary recognizes as much when she asserts that "[u]pon a determination of liability and establishment of restitution amounts, [she] will seek actual monetary recovery from Defendant Eriksen only in accordance with the bankruptcy process" and that "[n]either the participants nor the beneficiaries will be placed in a priority position in the bankruptcy proceeding as a result of [her enforcement] action." (R. 35, Pl.'s Mem. at 8; R. 1, Compl. ¶ 7 n.1.) Furthermore, any monetary judgment entered against Eriksen will inure to the benefit of the 401(k) Plan participants and beneficiaries and not the Government. Accordingly, under the pecuniary purpose test, the Secretary's action against Eriksen is exempt from the automatic stay. *See Caro*, 2012 WL 1230824, at *5 (finding that Secretary had no pecuniary interests in debtor's bankruptcy estate where any amounts she could recover would inure to the benefit of the employee benefit plan); *Hansbrough*, 113 B.R. at 98 ("Although the Secretary seeks to adjudicate the rights of the Plan beneficiaries, any monetary amounts recovered will benefit those beneficiaries, and not the Government."); *Bennett*, 1998 WL 187454, at *4-*5 (holding Section 362(b)(4) exemption to automatic stay applied to ERISA enforcement action brought by the Secretary to recover plan losses attributable to the defendants' fiduciary breaches because interests involved were those of the plan beneficiaries and not of the Government).

**B.    Whether the Secretary's action satisfies the public policy test**

Under the public policy test, courts must determine whether a proceeding primarily adjudicates private rights or effectuates public policy. *BDK Indus.* at 168 (quoting *Hosp. Staffing Servs., Inc.*, 270 F.3d at 385-86). "When an action substantially adjudicates private rights and only incidentally serves the public interest," courts regard the suit as falling outside the

14

governmental unit exception. *See id.* Here, the Court concludes that the Secretary's ERISA action, which seeks to enforce Eriksen's fiduciary duties to the 401(k) Plan, substantially serves the public interest.

> ERISA's declaration of policy includes the following Congressional findings:
>
> The Congress finds . . . that the continued well-being and security of millions of employees and their dependents are directly affected by these [employee benefit] plans; that they are affected with a national public interest; . . . that owing to the lack of employee information and adequate safeguards concerning their operation, it is desirable in the interests of employees and their beneficiaries, . . . that disclosure be made and safeguards provided with respect to the establishment, operation, and administration of such plans . . .

29 U.S.C. § 1001(a). To meet these concerns and protect "the interests of participants in employee benefit plans and their beneficiaries," Congress established standards of conduct for fiduciaries of employee benefit plans and simultaneously provided for "appropriate remedies, sanctions, and ready access to the Federal courts." 29 U.S.C. § 1001(b). Here, the Secretary is proceeding pursuant to Sections 502(a)(2) and (5), 29 U.S.C. §§ 1132(a)(2) and (5), which grant her the authority to seek appropriate relief for breaches of fiduciary duty or to enjoin acts or practices that violate Title I of ERISA, independent of any private action participants or beneficiaries may bring. This is precisely the type of action that Congress had in mind in developing the exceptions to the automatic stay. *Martin v. Friedman*, 133 B.R. 609, 611 (N.D. Ohio 1991) (citing *Donovan v. Porter*, 584 F. Supp. 202 (D. Md. 1984)). Undoubtedly, the interests of individual plan participants will be affected by the outcome of the Secretary's action, but such incidental benefits are secondary to the Secretary's interests in pursuing her Congressional mandate. *See Bennett*, 1998 187454, at * 4-*5 (concluding that the Secretary's enforcement action against plan fiduciaries to restore losses to employee benefit plan that were

attributable to defendants' fiduciary breaches was "clearly intended to further an important public policy" and "incidental benefits from the enforcement of [ERISA] should not convert the enforcement from one of public policy to one characterized as an adjudication of individual rights").

In sum, the Court finds that the Secretary's ERISA action against Eriksen is excepted from the stay under both the pecuniary purpose and public policy tests. *See Caro*, 2012 WL 1230824, at *3-*5 (concluding that Secretary's ERISA action was exempt from the automatic stay because it was in furtherance of effectuating ERISA's public policy and because the Secretary did not have a pecuniary interest in the debtor's bankruptcy estate); *Martin*, 133 B.R. at 611 (concluding that Secretary's action against employee benefit plan administrators and trustees for violations of their fiduciary duties under ERISA was exempt from the automatic stay under both the pecuniary purpose and public policy test); *Hansbrough*, 113 B.R. at 97 (concluding that Secretary's enforcement action under ERISA against company in bankruptcy proceedings constituted an exercise of the Secretary's police or regulatory power within the meaning of Section 362(b)(4), and therefore the automatic stay provisions of Section 362(a) did not apply). Accordingly, the Secretary has adequately demonstrated a manifest error of law in the Court's order dismissing Eriksen from the action. The Court therefore grants her motion to reconsider and concludes that her action is excepted from the automatic stay pursuant to Section 362(b)(4).

## II.     Motion to Dismiss

Turning to the Moving Defendants' motion to dismiss, they argue that the Secretary's complaint should be dismissed for lack of subject-matter jurisdiction, improper venue, failure to state a claim, and failure to join a required party. (R. 40, Mot. Dismiss at 1.) Additionally, the

Moving Defendants appear to argue that the Secretary's action should be stayed because of the pending bankruptcy proceedings against USA Baby and a pending appeal filed by Wallis that is related to his objections to the appointment of Chatz as the bankruptcy trustee. (*Id.* at 3-9). The Court addresses each argument in turn and liberally construes the Moving Defendants' arguments because they are proceeding pro se. *Philos Tech. Inc. v. Philos & D, Inc.*, 645 F.3d 851, 858 (7th Cir. 2011) ("It has long been established that pro se filings are held to less stringent standard than formal pleadings drafted by lawyers, with the primary goal being to give pro se filings fair and meaningful consideration.") (internal citations and quotation marks omitted).

### A.    Whether the Court has subject-matter jurisdiction

The Moving Defendants contend that the Secretary's complaint should be dismissed pursuant to Rule 12(b)(1) for want of subject-matter jurisdiction. (R. 40, Mot. Dismiss at 9-12.) According to them, the Secretary has not properly pled this Court's jurisdiction. (*Id.*)

Rule 12(b)(1) provides that a party may move to dismiss an action when the Court lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "Federal courts are courts of limited jurisdiction and may only exercise jurisdiction where it is specifically authorized by federal statute." *Evers*, 536 F.3d at 657 (citation and quotation marks omitted). Accordingly, "[e]nsuring the existence of subject-matter jurisdiction is the court's first duty in every lawsuit." *McGready v. White*, 417 F.3d 700, 702 (7th Cir. 2005).

The Moving Defendants appear to raise a facial challenge to the Secretary's complaint. Specifically, they contend that the Secretary has not properly pled jurisdiction. (R. 40, Mot.

Dismiss at 12.)[3] Section 1331 of Title 28 confers jurisdiction on federal courts over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Here, the Secretary alleges that the Court has subject-matter jurisdiction over this action pursuant to ERISA Section 502(e)(1), 29 U.S.C. § 1132(e)(1). Section 502(e)(1) provides that, "the district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter brought by the Secretary." Accordingly, ERISA's jurisdictional provision, Section 502(e)(1), supplies the Court with subject-matter jurisdiction as it authorizes the Secretary to bring a civil action for ERISA violations.

## B.  Whether venue is proper in this Court

The Moving Defendants argue that the Secretary's complaint should be dismissed pursuant to Rule 12(b)(3) for improper venue. (R. 40, Mot. Dismiss at 1.) Venue is proper in this Court pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), which provides that an ERISA action "may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found[.]" Here, the Secretary alleges that the Plans were administered in DuPage County, Illinois, which lies within the Eastern Division of the Northern District of Illinois. (R. 1, Compl. ¶ 6.) The Moving Defendants do not dispute that the Plans were administered in DuPage County, Illinois. Taking the allegations in the Secretary's complaint as true, as the Court must on a motion to dismiss for improper venue, the Court finds

---

[3] Although the Moving Defendants cite to case law discussing factual attacks to jurisdiction in their reply, the Moving Defendants have not denied or controverted the Secretary's allegations. (R. 46, Defs.' Reply at 9-10.) Accordingly, the Court does not construe their argument as raising a factual attack to the Court's subject-matter jurisdiction. *See Cedars-Sinai Med. Ctr.*, 11 F.3d at 1583 (Where a "Rule 12(b)(1) motion denies or controverts the pleader's allegations of jurisdiction . . . the movant is deemed to be challenging the factual basis for the court's subject matter jurisdiction.").

that venue in this District is proper.

Seeking to avoid this result, the Moving Defendants next contend that pursuant to 28 U.S.C. §§ 157(b)(2)(A), (E), (F), and (O), the Secretary's action "'is a core proceeding that belongs before the Bankruptcy Court." (R. 40, Mot. Dismiss at 10.) As an initial matter, district courts have "original and exclusive jurisdiction of all cases under [T]itle 11." 28 U.S.C. § 1334(a). Specifically, Congress has "delineated three types of bankruptcy proceedings: those (1) 'arising under [T]itle 11,' (2) 'arising in' a Title 11 case, and (3) 'related to a case under [T]itle 11.'" *In re Ortiz*, 665 F.3d 906, 911 (7th Cir. 2011) (citing 28 U.S.C. § 157(a)). Under 28 U.S.C. § 157(a) district courts may refer "any or all" bankruptcy cases and proceedings to the district's bankruptcy judges. Importantly, "[d]istrict courts also may withdraw a case or proceeding referred to the bankruptcy court 'for cause shown.'" *Stern v. Marshall*, -- U.S. --, 131 S.Ct. 2594, 2603 (2011) (citing 28 U.S.C. § 157(d)).

Pursuant to Section 157(b)(1), "[b]ankruptcy judges may hear and determine . . . all core proceedings arising under [T]itle 11, or arising in a case under [T]itle 11[.]" 28 U.S.C. § 157(b). "[C]ore proceedings are those that arise in a bankruptcy case or under Title 11." *Stern*, -- U.S. --, 131 S.Ct. at 2605; *In re Ortiz*, 665 F.3d at 911. The Seventh Circuit has explained that "[c]ore proceedings are actions by or against the debtor that arise under the Bankruptcy Code in the strong sense that the Code itself is the source of the claimant's right or remedy, rather than just the procedural vehicle for the assertion of a right conferred by some other body of law[.]" *In re U.S. Brass Corp.*, 110 F.3d 1261, 1268 (7th Cir. 1997). In other words, a proceeding "arises under" Title 11 "if it invokes a substantive right provided by [T]itle 11" and a proceeding "arises in" Title 11 "if it is a proceeding that, by its nature, could arise only in the context of a

19

bankruptcy case." *Barnett v. Stern*, 909 F.2d 973, 981 (7th Cir. 1990) (quoting *In re Wood*, 825 F.2d 90, 97 (5th Cir. 1987)); *see also In re Durchslag*, No. 10 B 28986, 2012 WL 909320, at *3 (Bankr. N.D. Ill. Mar. 15, 2012) (noting that arising under "encompasses causes of action created or decided by a statutory provision of [T]itle 11," whereas arising in involves "matters that arise only in the context of bankruptcy cases–those that do not and cannot exist outside of bankruptcy"). By contrast, a proceeding is a non-core proceeding if it "does not invoke a substantive right created by the federal bankruptcy law and is one that could exist outside of bankruptcy[.]" *Barnett*, 909 F.2d at 981 (quoting *In re Wood*, 825 F.2d at 97). Section 157(b) provides an illustrative list of 16 types of core proceedings. 11 U.S.C. § 157(b)(2)(A)-(P).

The Moving Defendants argue that the Secretary's action is a core proceeding because she is pursuing the assets of USA Baby's estate, and therefore her action falls within four types of matters identified as core proceedings in Section 157(b)(2). (R. 40, Mot. Dismiss at 10.) Specifically, they assert that the Secretary's action falls within the following categories of core proceedings: "matters concerning the administration of the estate[,]" 28 U.S.C. § 157(b)(2)(A), "orders to turn over property of the estate[,]" 28 U.S.C. § 157(b)(2)(E), "proceedings to determine, avoid, or recover preferences[,]" 28 U.S.C. § 157(b)(2)(F), and "other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship[.]" 28 U.S.C. § 157(b)(2)(O). The Secretary asserts that she "is not [pursuing] USA Baby's assets," and rather that she "seeks to liquidate her claim that Wallis, Erkisen, and USA Baby violated ERISA." (R. 42, Pl.'s Resp. at 15.) The Secretary also asserts that her ERISA action is not a core proceeding because it does not arise under or arise in the Bankruptcy Code. (*Id.* at 16.)

Under the Seventh Circuit's test for determining whether a matter is a core proceeding, the Secretary's action against the Moving Defendants is not a core proceeding. First, the complaint does not, on its face, invoke a substantive right created by federal bankruptcy law such that the Secretary's action could be said to "arise under" Title 11. Rather, the Secretary's complaint invokes rights created under ERISA. *See In re Trans-Indus., Inc.*, 419 B.R. 21, 30 (Bankr. E.D. Mich. 2009) (rejecting trustee's arguments that adversary proceeding asserting a claim for breach of fiduciary duties under ERISA constituted a core proceeding); *In re Mid-States Express, Inc.*, 433 B.R. 688, 696 (Bankr. N.D. Ill. 2010) (determining that although trustee's duties relating to winding-up of employee benefit plan was imposed by bankruptcy statute, ERISA was the source of governing substantive rights, and therefore the matter was not a core proceeding arising under Bankruptcy Code). Second, the Secretary's action is not one "arising in" a case under Title 11 because the asserted claims can exist outside of the bankruptcy context. *See Trans-Indus., Inc.*, 419 B.R. at 30 ("ERISA . . . claims of course, can exist outside of bankruptcy. They 'do not fit into the narrow category of administrative matters . . . which have no existence outside of the bankruptcy.'") (quoting *GAF Holdings, LLC v. Rinaldi (In re Farmland Indus., Inc.)*, 567 F.3d 1010, 1018 (8th Cir. 2009)).

Even if the Secretary's action were a core proceeding, however, it would not follow that the venue is improper because district courts have the authority to "withdraw, in whole or in part, any case or proceeding referred [to a bankruptcy judge], . . . for cause shown." 28 U.S.C. § 157(d); *see also Gecker v. Marathon Fin. Ins. Co., RRG*, 391 B.R. 613, 614-15 (N.D. Ill. July 22, 2008) (discussing factors to be considered when withdrawing the reference of a proceeding from bankruptcy court). Accordingly, the Court declines to dismiss the Secretary's action on the basis

of improper venue.

**C.** **Whether the Secretary has failed to state a claim upon which relief may be granted**

The Moving Defendants next argue that the Secretary's complaint should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted.[4] According to the Moving Defendants, "[t]he facts alleged are sparse amidst a complaint that is chock full of legal conclusions." (R. 40, Mot. Dismiss at 12.) Specifically, the Moving Defendants argue that the Secretary has "fail[ed] to identify any party or beneficiary that was allegedly affected by the alleged failures outlined in the complaint[,]" and has also failed to identify the amount of money at issue. (*Id.*) They also contend that the Secretary fails to allege "how, when, and for what periods" Wallis or Eriksen owed a duty to these unnamed parties or beneficiaries. (*Id.*) In their reply, the Moving Defendants raise the additional argument that the Secretary failed to allege sufficient facts to support an action for breach of fiduciary duty. (R. 46, Defs.' Reply at 4-6.)

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2006)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing

---

[4] In support of their arguments that the Secretary's complaint should be dismissed pursuant to Rule 12(b)(6), the Moving Defendants have attached an affidavit signed and sworn by Wallis. Generally, however, a court may only consider the plaintiff's complaint when ruling on a Rule 12(b)(6) motion to dismiss. *Rosenblaum v. Travelbyus.com, Ltd.*, 299 F.3d 657, 661 (7th Cir. 2002). Because the Moving Defendants fail to provide the Court with any arguments as to why it should consider Wallis' affidavit, the Court declines to do so.

*Twombly*, 550 U.S. at 556). Furthermore, it is important to keep in mind that while "plausibility" does not imply "probability," it does ask "for more than a sheer possibility that a defendant acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

### 1. Counts I and II

In Count I, the Secretary alleges that from February 22, 2008, through September 19, 2008, the Moving Defendants did not transmit participant 401(k) Plan contributions to the 401(k) Plan, but instead retained these amounts in USA Baby's general operating account and used the funds to pay USA Baby's operating expenses, in direct violation of Sections 403(a) and (c)(1), 29 U.S.C. §§ 1103(a) and (c)(1), Section 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A), and Sections 406(a)(1)(D) and (b)(1)-(2), 29 U.S.C. §§ 1106(a)(1)(D) and (b)(1)-(2). (R.1, Compl. ¶¶ 11-13.) Count II alleges that between April 7, 2006, and September 19, 2008, Wallis, Eriksen, and USA Baby failed to timely transmit participant 401(k) Plan contributions to the 401(k) Plan, and through this conduct violated the same ERISA provisions identified in Count I. (*Id.* ¶¶ 15-16.)

Section 403(a) and (c) of ERISA require that "all assets of an employee benefit plan shall be held in trust" and that plan assets "shall never inure to the benefit of any employer[.]" 29 U.S.C. §§ 1103(a) and (c)(1). Pursuant to Section 404(a)(1)(A), fiduciaries under ERISA are required to discharge their duties with respect to an employee benefit plan "solely in the interest of the participants and beneficiaries and for the exclusive purpose of: (i) providing benefits to participants and their beneficiaries; and (ii) defraying reasonable expenses of administering the plan[.]" 29 U.S.C. § 1104(a)(1)(A). Finally, Sections 406(a)(1)(D) and (b)(1)-(2) provide that a fiduciary shall not cause a plan to engage in a transaction if he knows that such transaction will constitute a "transfer to, or use by or for the benefit of a party in interest, of any assets of the

plan[,]" and that a fiduciary shall not "(1) deal with the assets of the plan in his own interest or for his own account, [or] (2) in his individual or in any other capacity act in any transaction involving the plan on behalf of a party . . . whose interests are adverse to the interests of the plan or the interests of its participants or beneficiaries[.]"[5] 29 U.S.C. §§ 1106(a)(1)(D) and (b)(1)-(2).

The Secretary's allegations in Counts I and II are not mere "labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action" deemed insufficient by *Twombly*. 550 U.S. at 555. Rather, taking the allegations as true the Court must on a 12(b)(6) motion to dismiss, these allegations plausibly suggest that the Moving Defendants violated the duties ERISA places on fiduciaries by failing to ensure that the Plans' assets did not inure to the benefit of USA Baby, by failing to act solely in the interest of the Plans' participants and beneficiaries, and by failing to ensure that the Plans' assets were not transferred to or used by a party in interest. *See* 29 U.S.C. §§ 1103(a) and (c)(1), 29 U.S.C. § 1104(a)(1)(A), 29 U.S.C. §§ 1106(a)(1)(D) and (b)(1)-(2). Accordingly, the Court finds that Counts I and II state plausible claims for relief.

### 2. Counts III and IV

In Count III, the Secretary avers that during the period from January 18, 2008, through November 28, 2008, the Moving Defendants breached their fiduciary duties by failing to ensure that 401(k) Plan participants' loan repayments were remitted to the 401(k) Plan. (R. 1, Compl. ¶ 18.) Instead, the funds were retained in USA Baby's general operating account and used by the Moving Defendants to pay for USA Baby's general operating expenses, in violation of the same

---

[5] ERISA defines "party in interest" to include "an employer any of whose employees are covered by such plan[.]" 29 U.S.C. § 1002(14)(C). Under this definition, USA Baby qualifies as a party in interest.

24

ERISA provisions identified in Count I. (*Id.* ¶¶ 19-20.) In Count IV, the Secretary avers that between April 13, 2007, and November 28, 2008, the Moving Defendants failed to ensure that 401(k) Plan participants' loan repayments were remitted to the 401(k) Plan in a timely manner, in violation of the same ERISA provisions identified in Count I. (*Id.* ¶¶ 22-23.) Taking the Secretary's allegations as true, the factual allegations in Counts III and IV set forth "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

### 3.    Count V

The Secretary alleges in Count V that USA Baby failed to transmit participant's Health Plan contributions to USA Baby's health care insurance providers in order to pay the participants' premiums, resulting in cancellation of the Health Plan's coverage due to a failure to pay the premiums. (R.1, Compl. ¶¶ 25-28.) The Secretary also alleges that these contributions were retained in USA Baby's general accounts and used by Wallis to pay for USA Baby's business expenses. (*Id.* ¶¶ 29-30.) Specifically, the Secretary alleges that between May 2, 2008, and July 18, 2008, USA Baby failed to remit Health Plan participants' premium payments to Blue Cross Blue Shield, the Health Plan's insurance provider, and that between October 10, 2008, and November 28, 2008, USA Baby again failed to transmit Health Plan participants' premium payments to Humana, the Health Plan's new insurance provider. (*Id.* ¶¶ 25, 27.) The facts alleged clearly give Wallis fair notice of the allegations against him. Rather than merely stating legal conclusions, the Secretary first provides the time period of the alleged misconduct, then explains Wallis' specific misconduct, and lastly links the misconduct to a violation of specific ERISA provisions. The Court finds that this type of factual support meets Rule 8(a)'s "plain statement" requirement. Taking the Secretary's allegations as true, the factual allegations

plausibly suggest that Wallis failed to discharge his fiduciary duties with respect to the Health Plan solely in the interests of the Health Plan participants and beneficiaries, and failed to ensure that the Health Plan's assets were not transferred to or used by a party in interest. *See* 29 U.S.C. §§ 1104(a)(1)(A) and 29 U.S.C. §§ 1106(a)(1)(D) and (b)(2). Thus, the claim is sufficiently pled under Rule 8(a).

### 4. Count VI

Finally, in Count VI the Secretary alleges that during the relevant time period the Moving Defendants "failed to ensure that all 401(k) Plan fiduciaries were bonded against losses to the 401(k) Plan resulting from acts of fraud or dishonesty[,]" in violation of ERISA Section 412, 29 U.S.C. § 1112. (R. 1, Compl. ¶¶ 33-34.) Section 412 requires that "[e]very fiduciary of an employee benefit plan and every person who handles funds or other property of such a plan . . . shall be bonded[.]" 29 U.S.C. § 1112(a). Taking the Secretary's factual allegations as true, this allegation satisfies Rule 8's fair notice requirement by providing factual content that allows the Court to draw the reasonable inference that the Moving Defendants are liable for the alleged misconduct–in this case, a failure to secure a bond. *Iqbal*, 556 U.S. at 678.

### 5. Whether the Secretary pled sufficient facts in support of her allegation that Wallis breached a fiduciary duty

In their reply brief, the Moving Defendants contend that the Secretary's complaint fails to allege facts sufficient to establish that Wallis was a fiduciary under ERISA Section 3(21)(A), 29 U.S.C. § 1002(21)(A), or that he breached his fiduciary duties. (R. 46, Defs.' Reply at 3-6.) Under ERISA, a person is a fiduciary with respect to a plan to the extent "(i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises

any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation . . . with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or responsibility in the administration of such plan." 29 U.S.C. § 1002(21)(A); *see also Mertens v. Hewitt Assocs.*, 508 U.S. 248, 251 (1993) (ERISA "provides that . . . anyone . . . who exercises discretionary control or authority over the plan's management, administration, or assets, is an ERISA fiduciary.") (citing 29 U.S.C. §§ 1102(a) and 1002(21)(A)). Additionally, "a person deemed to be a fiduciary is not a fiduciary for every purpose but only to the extent that he performs one of the described functions." *Klosterman v. W. Gen. Mgmt., Inc.*, 32 F.3d 1119, 1122 (7th Cir. 1994). Because an individual who is a fiduciary with respect to one aspect of the plan may not be a fiduciary regarding other aspects of the plan, the Supreme Court has held that "[i]n every case charging breach of ERISA fiduciary duty, then, the threshold question is . . . whether that person was acting as a fiduciary (that is, was performing a fiduciary function) when taking the action subject to the complaint." *Pegram v. Herdrich*, 530 U.S. 211, 226 (2000). To survive a motion to dismiss, a plaintiff must include allegations that support the defendant's status as a plan fiduciary and his breach of fiduciary duties. *Sharp Elecs. Corp. v. Metro. Life Ins. Co.*, 578 F.3d 505, 512 (7th Cir. 2009).

Here, the Secretary made numerous allegations regarding Wallis' status as a fiduciary of the Plans and his breach of those fiduciary duties. Specifically, the Secretary alleges that: (1) Wallis was an owner and President of USA Baby; (2) that Wallis exercised "authority and control" over the disposition of Plan assets, specifically employee contributions; (3) that Wallis failed to ensure that withheld 401(k) Plan contributions and loan repayments to the 401(k) Plan

were remitted to the 401(k) Plan; and (4) that amounts withheld from both the 401(k) Plan and the Health Plan were retained in USA Baby's general operating account and used by Wallis to pay for USA Baby's general operating expenses. (R. 1, Compl. ¶¶ 8-9, 11-12, 15, 18-19, 22, 30.) The Secretary's allegations that Wallis was a fiduciary to the Plans because he exercised control over the Plans' assets are plausible, *see Bannistor v. Ullman*, 287 F.3d 394, 402-03 (5th Cir. 2002) (controlling shareholder and officer found to have acted as a fiduciary where he failed to forward participant contributions), and her remaining allegations relating to Wallis' misconduct also plausibly suggest that Wallis violated the duties imposed on fiduciaries by ERISA. The Court finds that the Secretary's claims contain sufficient factual allegations to survive *Iqbal*.

### D. Whether the Secretary failed to join a required party

The Moving Defendants also contend that the Secretary's complaint should be dismissed pursuant to Rule 12(b)(7) for failure to join all required parties under Rule 19. (R. 40, Mot. Dismiss at 1.) Specifically, the Moving Defendants assert that the USA Baby bankruptcy trustee, Chatz, and USA Baby Vice Presidents, Mary Benard and Thomas Gierlak are required parties to the Secretary's action because they are Plan fiduciaries and were involved in decision-making related to the Plans' assets. (*Id.* at 3, 5-6; R. 46, Defs.' Reply at 6-9.)

Pursuant to Rule 19(a), the Court first determines whether Chatz, Benard, or Gierlak are required parties. Fed. R. Civ. P. 19(a). To make that determination, the Court first considers whether complete relief may be accorded among the parties to the Secretary's action without joinder. *Thomas*, 189 F.3d at 667. Complete relief refers only "to relief between the persons already parties, and not as between a party and the absent person whose joinder is sought." *Perrian v. O'Grady*, 958 F.2d 192, 196 (7th Cir. 1992). In her complaint, the Secretary seeks

injunctive relief against the Moving Defendants to enjoin them from committing future ERISA violations, and asks the Court to order the Moving Defendants to "make good to the 401(k) Plan any losses . . . resulting from the fiduciary breaches[,]" and to "correct the prohibited transactions in which [they] engaged relating to the 401(k) Plan[.]" (R. 1, Compl. at 10.) With respect to Wallis, the Secretary also asks the Court to order him to "make good to the Health Plan participants any losses resulting from fiduciary breaches" and "to correct the prohibited transactions in which [he] engaged relating to the Health Plan." (*Id.*) The Secretary also requests that the Court appoint an independent fiduciary to terminate the 401(k) Plan and distribute its assets, and that the Court order the Moving Defendants to share in the payment of "all reasonable fees and expenses incurred by the independent fiduciary in administering and terminating the 401(k) Plan[.]" (*Id.* at 11.)

With respect to the Secretary's request for injunctive relief and the appointment of an independent fiduciary, it is clear that complete relief may be afforded. With respect to the Secretary's request for the Moving Defendants to make good to the Plans any losses resulting from the breaches of fiduciary duties, ERISA provides for joint and several liability against fiduciaries who breach their duties. 29 U.S.C. § 1105(a)(2) ("[A] fiduciary with respect to a plan shall be liable for a breach of fiduciary responsibility of another fiduciary with respect to the same plan . . . if, by his failure to comply with section 1104(a)(1) . . . he has enabled such other fiduciary to commit a breach[.]"); *In re Masters Mates & Pilots Pension Plan and IRAP Litigation*, 957 F.2d 1020, 1023 (1992). Where liability is joint and several, one of a number of joint tort-feasors may be sued alone. *Pasco Int'l (London) Ltd. v. Stenograph Corp.*, 637 F.2d 496, 503 (7th Cir. 1980). Indeed, the Advisory Committee notes to Rule 19(a) clarify that it "is

not at variance with the settled authorities holding that a tortfeasor with the usual 'joint-and-several' liability is merely a permissive party to an action against another with like liability." Fed. R. Civ. P. 19(a) advisory committee's notes to 1966 Amendments. Therefore, even assuming that Chatz, Benard, and Gierlak are fiduciaries as the Moving Defendants contend, their liability would be joint and several.[6] Under these circumstances, the Court concludes that Chatz, Benard, and Gierlak are not required parties to the action, as complete relief may be accorded to the Secretary from either Wallis, Eriksen, or USA Baby. *See Johnson v. Triangle Metals, Inc.*, 2004 WL 612811, at *2 (N.D. Ill. Mar. 24, 2004) (denying Rule 12(b)(7) motion to dismiss claim alleging breach of fiduciary duties under ERISA because absence of insurance provider did not bear on whether actions taken by plan fiduciaries constituted a breach and complete relief, as between plaintiff's estate and plaintiff's former employer and employer's parent company, was possible). The Court therefore declines to dismiss the Secretary's action on this basis.

**E.     Whether the Secretary's action against USA Baby should be stayed pursuant to the automatic stay provisions of the Bankruptcy Code**

The Moving Defendants argue that although USA Baby is an indispensable party to the action, the automatic stay provisions of the Bankruptcy Code preclude USA Baby from being joined as a party to the suit. (R. 40, Mot. Dismiss at 9.) According to them, the Secretary's

---

[6] In their reply, the Moving Defendants also contend that Chatz must be joined as an "indispensable fiduciary" because he obtained control over USA Baby's monetary accounts in February 2009. (R. 46, Defs.' Reply at 6.) Under ERISA Section 409(b), 29 U.S.C. § 1109(b), however, "[n]o fiduciary shall be liable with respect to a breach of fiduciary duty under [Title I] if such breach was committed before he became a fiduciary[.]" Chatz was appointed as the trustee after the relevant time period, and therefore, even if he is considered a fiduciary, he cannot be held liable for breaches of fiduciary duty that occurred during the relevant time period herein at issue.

action is not exempt from the automatic stay pursuant to Section 362(b)(4) of the Bankruptcy Code because the Secretary is seeking to enforce a pecuniary interest and is not seeking to enforce public policy. (*Id.* at 6-9.) The Court concludes that the Secretary's action against USA Baby falls within the Section 362(b)(4) governmental unit exception to the automatic stay provisions of the Bankruptcy Code. The Secretary's action against USA Baby is excepted from the stay under both the pecuniary purpose and public policy tests for the same reasons her action against Eriksen is excepted from the stay. First, in bringing her action, the Secretary does not claim to have a pecuniary interest in USA Baby's bankruptcy estate; to the extent she seeks a monetary damages award, the Secretary recognizes that she will need to enforce any monetary judgment in accordance with procedures outlined in the Bankruptcy Code. (R. 1, Compl. ¶ 7 n.1.) Second, the Secretary brings her action in the exercise of her police and regulatory functions, pursuant to Sections 502(a)(2) and (5) of ERISA, 29 U.S.C. §§ 1132(a)(2) and (5), and such an action is precisely the type of action that Congress had in mind when developing the exceptions to the automatic stay provisions of the Bankruptcy Code. *Martin*, 133 B.R. at 611.

Furthermore, the Court has already entered a default judgment against USA Baby. (R. 14, Min. Entry.) As a result of this entry of default judgment, the factual allegations in the Secretary's complaint relating to USA Baby's liability are taken as true and all that remains to be determined are damages. *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983). Accordingly, the Court declines to stay the action.

**F.**      **Whether the Secretary's action should be stayed pending the outcome of Wallis' appeal**

Finally, Wallis maintains that he objected to the appointment of Chatz as the USA Baby bankruptcy trustee and to Chatz's administration of USA Baby's assets, and that his objections are currently the subject matter of an appeal pending before the Seventh Circuit, in Case No. 11-2026. (R. 40, Mot. Dismiss at 3.) Wallis appears to contend that his appeal warrants staying the Secretary's action against him. The Court finds this argument moot. Since the filing of the Moving Defendants' motion to dismiss, the Seventh Circuit issued an opinion affirming the bankruptcy court's denial of Wallis' motions to reconsider. *In re USA Baby, Inc.*, 674 F.3d at 883-84. Indeed, in affirming the bankruptcy court's orders, Judge Posner noted, "Wallis has filed eight appeals to the district court and five appeals to this court, all arising from USA Baby's bankruptcy, all pro se and frivolous. Enough is enough. The next time he files a frivolous appeal he will be sanctioned." *Id.* at 884.

## CONCLUSION

For the foregoing reasons, the Secretary's motion to reconsider (R. 34) is GRANTED and Wallis and Eriksen's motion to dismiss (R. 40) is DENIED. The parties are requested to reevaluate their settlement positions in light of this opinion and to exhaust all settlement possibilities. The parties shall appear for a status hearing on September 25, 2012 at 9:45 a.m.

Entered: _____

**Judge Ruben Castillo**
**United States District Court**

**Date:** August 30, 2012

32